1  David R. Flyer, Bar #100697
   Raquel Flyer Dachner, Bar #282248
2  **FLYER & FLYER, A Professional Law Corporation**
   4120 Birch St., Ste. 101
3  Newport Beach, CA 92660
   (949) 622-8445
4  (949) 622-8448 (fax)
   davidflyer@flyerandflyer.com
5  raquelflyer@flyerandflyer.com

6  Attorneys for Plaintiff
   SYNERGY HEMATOLOGY-ONCOLOGY
7  MEDICAL ASSOCIATES, INC.

8              IN THE UNITED STATES DISTRICT COURT FOR

9      THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 SYNERGY HEMATOLOGY-              ) Case No. 2:22-cv-01560
   ONCOLOGY MEDICAL ASSOCIATES,     )
12 INC., a California medical corporation, ) **COMPLAINT FOR DAMAGES**
                                    ) **BASED ON:**
13           Plaintiff,             )
                                    ) **(1) BREACH OF CONTRACT;**
14 vs.                              )
                                    ) **AND,**
15 ABBOTT LABORATORIES, INC., a     )
   Delaware corporation, and Does 1 to 10, ) **(2) BREACH OF WARRANTY**
16 inclusive,                       )
                                    ) **PLAINTIFF DEMANDS TRIAL**
17           Defendants.            ) **BY JURY**
   ─────────────────────────       )

18

19 TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

20              **<u>EXECUTIVE SUMMARY</u>**

21      Plaintiff-medical corporation purchased equipment (identified as Architect

22 ci4100 or the "Covered Equipment") from Defendant-manufacturer, which was

23 designed to perform biochemical, biological and chemical assessment of patients'

24 blood samples ("specimen processing").  The Covered Equipment purchase price was

25 $147,900.00.  The parties entered into a contract related to purchase of the Covered

26 Equipment, which was accompanied by 98% up-time guarantee.  The Covered

27 Equipment worked partially for about two months, and then failed.  Efforts by

28 Defendant to restore the Covered Equipment to operation were unsuccessful.

-1-

1   Plaintiff's losses included the purchase price of the Covered Equipment, the
2   costs of disposable product which were not used during the operation of the Covered
3   Equipment, costs for its employees who were idled when the Covered Equipment
4   became inoperative, the costs for specimen processing on other equipment, and other
5   foreseeable costs.

6                        **JURISDICTION AND VENUE**

7        1.    This civil action arises under California common law.

8        2.    This Court has diversity jurisdiction where Plaintiff is a citizen of
9   California and Defendant is a citizen of Illinois, and the amount in controversy
10  exceeds $75,000.00, pursuant to 28 U.S.C. §1332(a).

11       3.    This Court has personal jurisdiction over Defendant, because ABBOTT
12  LABORATORIES, INC., is a Delaware Corporation, which entered into a written
13  contract, sold specimen processing Covered Equipment, provided products and
14  services for the Covered Equipment, and guaranteed the up-time of the Covered
15  Equipment in Los Angeles County, California, has offices and conducts business
16  within California, and within the U.S. Central District of California, Western
17  Division, both online and through local agents and representatives.  All of the
18  Defendants perform substantial business within this Judicial District.

19       4.    Venue properly lies within the U.S. Central District of California
20  pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) because Defendants are subject to
21  personal jurisdiction in this Judicial District as set forth above, and Plaintiff has
22  been harmed by Defendant's conduct, as described below, in this Judicial District.

23                              **PARTIES**

24       5.    Plaintiff is and at all times was a California medical corporation, with its
25  principal place for providing medical services at 8737 Beverly Blvd., #203, West
26  Hollywood, California.

27       6.    Defendant ABBOTT LABORATORIES, INC., is a Delaware
28  corporation, with principal place of business located at 100 Abbott Park Road, Abbott

-2-

COMPLAINT

[C:\ALL FILES\A1111\Drafts\Complaint.Synergy.Abbott.01pld.wpd]

1  Park, Illinois 60064, has offices and employees located in California, and has
2  conducted substantial business within this Judicial District.

3      7.      The true names and capacities, whether individual, corporate, associate,
4  or otherwise, of Defendants sued as DOES 1 through 10, inclusive, are unknown to
5  Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will
6  amend this complaint to show such true names and capacities when it has ascertained
7  the same.

8      8.      At all times herein mentioned, each of the Defendants was the agent
9  and/or employee of each of the remaining Defendants, and was at all times herein
10 mentioned acting within the course and scope of such agency and employment, and/or
11 ratified the actions or omissions of each of the other Defendants. Plaintiff is further
12 informed and believes, and thereon alleges, that each of the said Defendants is in
13 some way responsible for the obligations hereinafter alleged.

14                          **FACTUAL BACKGROUND**

15     9.      On or about June 22, 2021, Plaintiff and Defendant ABBOTT
16 LABORATORIES, INC., entered into a written contract related to purchasing the
17 Covered Equipment, including terms for supplying products and services for the
18 Covered Equipment, and guaranteed the up-time of the Covered Equipment in Los
19 Angeles County, California.  A true copy of the contract is attached as Exhibit "A."
20 Defendant installed the Covered Equipment, provided training on operation of the
21 Covered Equipment to Plaintiff's employees, and certified Plaintiff's employees as
22 qualified to operate the Covered Equipment.  The Covered Equipment was designed
23 to perform several functions, where the immunoassay side (I-side, which was
24 designed to measures the presence of a macromolecule or a small molecule in a
25 solution through the use of an antibody or an antigen), worked for about two months
26 during October and November 2021, and then failed.  The chemistry (c-side) of the
27 equipment was never functional for more than two days at any time.  The duty to
28 service and repair the Covered Equipment was contractually accepted by Defendant.

-3-
COMPLAINT

1  Efforts by multiple teams of Defendant's technicians engaged to restore the Covered
2  Equipment to operation, where the teams stripped down and rebuilt the Covered
3  Equipment at least three times, were unsuccessful.

### FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
#### Against All Defendants

7      10.    Plaintiff incorporates herein by reference the allegations of paragraphs 1
8  through 10 as though fully set forth herein.

9      11.    The written contract, identified as Vizient Master Agreement, between
10  the parties was to be for a term of six years.  Pursuant to the contract, Plaintiff was
11  required to pay the purchase price and pay for products to be used in the operation of
12  the Covered Equipment.  Defendant was required to install the Covered Equipment,
13  make sure it was operational, provide training to Plaintiff's employees and certify the
14  employees as qualified to operate and provide operator level services for the Covered
15  Equipment.  There were delays in Defendant's business, such that the Covered
16  Equipment did not begin operating on daily basis until October 2021.  Before the end
17  of November 2021, the Covered Equipment stopped working.  It was Defendant's
18  duty to perform services and repairs on the Covered Equipment.

19      12.    Plaintiff performed all of its obligations under the contract.

20      13.    Defendant breached the contract by failing to promptly restore the
21  Covered Equipment to operation.

22      14.    As a proximate result of Defendant's breach of contract, Plaintiff
23  suffered special damages, including loss of the purchase price of the Covered
24  Equipment, the costs of disposable product which were not used during the operation
25  of the Covered Equipment, costs for its employees who were idled when the Covered
26  Equipment became inoperative, the costs for specimen processing on other
27  equipment, and other reasonably foreseeable costs.  Plaintiff's damages exceed
28  $400,000.00.

-4-

COMPLAINT

[C:\ALL FILES\A1111\Drafts\Complaint.Synergy.Abbott.01pld.wpd]

## SECOND CAUSE OF ACTION

### BREACH OF WARRANTY

### Against All Defendants

15.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 14 as though fully set forth herein.

16.    The written contract between the parties contained promises by Defendant ABBOTT LABORATORIES, INC., at paragraphs 15 and 22.  Defendant promised: "During the Warranty Period, and the term of any service agreement, Abbott guarantees that the Equipment will be operational (capable of producing clinical test results) and will maintain a level of uptime equal to or better than 98% for the covered business hours according to the service agreement ..."  The Covered Equipment failed to operate during the Warranty Period.

17.    Plaintiff performed all of its obligations under the contract, and during the Warranty Period.

18.    Defendant breached the contract and the warranty on the Covered Equipment by failing to make the Covered Equipment operational, as promised.

19.    As a proximate result of Defendant's breach of contract and breach of warranty, Plaintiff suffered special damages, including loss of the purchase price of the Covered Equipment, the costs of disposable product which were not used during the operation of the Covered Equipment, costs for its employees who were idled when the Covered Equipment became inoperative, the costs for specimen processing on other equipment, and other reasonably foreseeable costs.  Plaintiff's damages exceed $400,000.00.

Wherefore, Plaintiff prays for:

1.    For economic damages of at least $200,000.00;

2.    For general, special and non-economic damages of at least $200,000.00;

3.    For attorney's fees by contract;

4.    For prejudgment interest;

-5-

[C:\ALL FILES\A1111\Drafts\Complaint.Synergy.Abbott.01pld.wpd]

5.    For costs; and

6.    For such further relief as may be proper.

Respectfully submitted,

FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated: March 8, 2022             By:        /s/  David R. Flyer
                                                   David R. Flyer
                                                   Raquel Flyer
                                                   Attorneys for
                                                   Plaintiff SYNERGY HEMATOLOGY-
                                                   ONCOLOGY MEDICAL
                                                   ASSOCIATES, INC.

**PLAINTIFF DEMANDS TRIAL BY JURY**

COMPLAINT

[C:\ALL FILES\A1111\Drafts\Complaint.Synergy.Abbott.01pld.wpd]