UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNERGY HEMATOLOGY-ONCOLOGY MEDICAL ASSOCIATES, INC., a California medical corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES INC., a Delaware corporation, and Does 1 to 10, inclusive,<br><br>    Defendant.<br><br>ABBOTT LABORATORIES INC., a Delaware corporation, and Does 1 to 10, inclusive,<br><br>    Counterclaim Plaintiff,<br><br>    v.<br><br>SYNERGY HEMATOLOGY-ONCOLOGY MEDICAL ASSOCIATES, INC., a California medical corporation,<br><br>    Counterclaim Defendant. | Case No.: 2:22-cv-01560 SPG (JEMx)<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER**<br><br>District Judge: Hon. Sherilyn P. Garnett<br>Courtroom: 5C<br>Mag. Judge: Hon. John E. McDermott<br>Courtroom: 640<br>Date Filed: March 8, 2022<br><br>**DISCOVERY MATTER** |

{02388829}

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, pricing information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, and other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this

matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. The parties will be prejudiced and harmed should their confidential business, financial, research, development, and/or commercial information or trade secrets be publicly disclosed, which would allow the parties' competitors access to such confidential information.

3. ACKNOWLEDGMENT OF FILING UNDER SEAL PROCEDURE

The parties further acknowledge, as set forth in Paragraph 13.3, below, that this Stipulated Protective Order does not entitle them to file Confidential Information under seal; Local Civil Rule 79-5 and the Court's Standing Order set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). Further, a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.  DEFINITIONS

4.1  "Action": the above-captioned federal lawsuit.

4.2  "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

4.3  "Confidential Information": information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, which is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

4.4  "Counsel": Outside Counsel of Record and In-House Counsel (as well as their support staff).

4.5 "Designating Party": a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

4.6 "Disclosure" or "Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7 "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8 "In-House Counsel": attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9 "Non-Party": any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.10 "Outside Counsel of Record": attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.11 "Party": any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12 "Producing Party": a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13 "Professional Vendors": persons or entities that provide litigation support services (*e.g.*, e-discovery vendors, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14 "Protected Material": any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".

4.15 "Receiving Party": a Party that receives Disclosure Material, Disclosed Information, or Discovery Material from a Producing Party.

5. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6. DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

1       6.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Outside Counsel of Record has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY". After the inspecting Outside Counsel of Record has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", the Designating Party should so designate the deposition testimony on the

record during the deposition or in writing within 30 days of the Designating Party's receipt of the completed deposition transcript. All deposition testimony will be considered "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the 30 day period to designate deposition testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix the "CONFIDENTIAL legend" in a prominent place on the exterior of the container or containers in which the information is stored. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

7.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

7.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in

question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure of Confidential Information or Items.

(a) Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(i) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(ii) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(iii) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) the court and its personnel;

(v) court reporters and their staff;

    (vi) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (vii) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (viii) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any Confidential Information, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (ix) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  (b) Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL- ATTORNEYS' EYES ONLY" only to:

    (i) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (ii) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (iii) the court and its personnel;

(iv) court reporters and their staff;

(v) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(vii) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the

Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

12. NON-WAIVER OF PRIVILEGE

12.1 Pursuant to Federal Rule of Evidence 502(d), if in connection with this litigation documents or information subject to a claim of attorney-client privilege or work product protection are disclosed ("Disclosed Information") by a party (the "Disclosing Party"), the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any claim of attorney-client privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter. Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege. The non-waiver of claims of attorney-client privilege and work product protection shall apply to the litigation pending before the Court as well as any other federal or state proceeding.

12.2 If a claim of disclosure is made by the Disclosing Party with respect

1  to Disclosed Information, the party that received the Disclosed Information (the
2  "Receiving Party") shall, within five business days of receiving notice of the claim
3  of disclosure, return, delete, or destroy the Disclosed Information and delete or
4  destroy the portions of all work product that reflect or are derived from such
5  Disclosed Information, including all copies thereof, and shall make no use of any
6  kind of such Disclosed Information and work product.

7        12.3  If a Receiving Party knows or should reasonably know that it has
8  received Disclosed Information, it shall promptly sequester such Disclosed
9  Information and refrain from using both it and the portions of all work product that
10  reflect or are derived from such Disclosed Information.  The Receiving Party shall
11  promptly notify the Disclosing Party of the existence of such Disclosed
12  Information in order to permit the Disclosing Party to take protective measures as
13  outlined above. Upon request by the Disclosing Party, the Receiving Party shall
14  comply with the procedures described in Paragraphs 12.2 and 12.3, inclusive.

15        12.4  Nothing in this Stipulated Protective Order shall limit the Receiving
16  Party's right to challenge (on grounds unrelated to the fact or circumstances of the
17  disclosure) the Disclosing Party's claim that Disclosed Information is protected
18  from disclosure by the attorney-client privilege or work product doctrine.  If, after
19  undertaking an appropriate meet-and-confer process, the parties are unable to
20  resolve any dispute they have concerning the protection of documents for which a
21  claim of Disclosure has been asserted, the Receiving Party may file the appropriate
22  motion or application as provided by the Court's procedures to compel production
23  of such material.  Any Disclosed Information submitted to the Court in connection
24  with a challenge to the Disclosing Party's claim of attorney-client privilege or
25  work product protection shall not be filed in the public record, but rather shall be
26  redacted, filed under seal, or submitted for in camera review.

27        12.5  The terms of this Stipulated Protective Order shall apply to all
28  Disclosed Information disclosed during the course of litigation pending before the

Court, including Disclosed Information disclosed prior or subsequent to the entry of this Stipulated Protective Order.

12.6   Nothing in this Stipulated Protective Order shall waive or limit any protections afforded the parties under Federal Rule of Evidence 502.

13.   MISCELLANEOUS

13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.   FINAL DISPOSITION

After the final disposition of this Action, as defined in Paragraph 4, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

15. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 13, 2022        /s/ Genevieve M. Sauter
David J. Noonan, Esq.
Genevieve M. Sauter, Esq.
NOONAN LANCE BOYER & BANACH
Attorneys for Defendant/Counterclaim
Plaintiff Abbott Laboratories Inc.

DATED: July 13, 2022        /s/ David R. Flyer
David R. Flyer, Esq.
Raquel Flyer Dachner, Esq.
FLYER & FLYER
Attorneys for Plaintiff/Counterclaim
Defendant Synergy Hematology-Oncology
Medical Associates, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 7/13/22        John E. McDermott
JOHN E. MCDERMOTT
United States Magistrate Judge

# EXHIBIT "A"

## Acknowledgement and Agreement to Be Bound

The undersigned: 1) acknowledges having read the attached Stipulated Protective Order which has been entered in the Court in the matter of *Synergy Hematology-Oncology Medical Associates, Inc. v. Abbott Laboratories Inc.*, in the U.S. District Court for the Central District of California, Case No. 2:22-cv-1560-JFW (JEMx); (ii) understands the terms and conditions of the attached Stipulated Protective Order; (iii) agrees to be contractually bound by the terms and conditions of the attached Stipulated Protective Order and by such other orders as the Court may issue regarding the confidential treatment to be accorded discovery materials in this action; and (iv) agrees to be subject to the jurisdiction of the Court in which this matter is pending for the purpose of any proceedings related to the performance under, compliance with, or violation of the Stipulated Protective Order.

I am signing this acknowledgement on _____ (date) at _____ (city), _____ (state).

_____
(Signature)

_____
(Print Name)