JS-6

IN THE UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SYNERGY HEMATOLOGY-ONCOLOGY MEDICAL ASSOCIATES, INC., a California medical corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES INC., a Delaware corporation, and Does 1 to 10, inclusive,<br><br>　　　　Defendants.<br>_____<br>ABBOTT LABORATORIES INC., a Delaware corporation,<br><br>　　　　Counterclaim Plaintiff,<br><br>v.<br><br>SYNERGY HEMATOLOGY-ONCOLOGY MEDICAL ASSOCIATES, INC., a California medical corporation,<br><br>　　　　Counterclaim Defendant.<br>_____ | Case No. 2:22-cv-01560 SPG (JEMx)<br><br>**JUDGMENT**<br><br>Hon. Sherilyn Peace Garnett<br>U.S. District Judge<br><br>Courtroom: 5C |

　　　The above-entitled matter came on for jury trial commencing June 20, 2023, and ending June 26, 2023, a total of five days, before the Honorable Sherilyn Peace Garnett, U.S. District Court Judge.

Appearing for plaintiff/counterclaim defendant SYNERGY HEMATOLOGY-ONCOLOGY MEDICAL ASSOCIATES, INC., was lead counsel, Raquel Flyer Dachner and David R. Flyer; appearing for defendant/counterclaim plaintiff ABBOTT LABORATORIES INC., was lead counsel David J. Noonan and Genevieve M. Sauter.

A jury of eight (8) persons was empaneled and sworn to try the matter. The following percipient witnesses testified: Levon Qasabian, M.D.; Evelyn Legaspi; Michael Brandon; Devin Dirocco; Michael Spector; John Brammer; Danielle Hilliard; and Alyssa Joy Oana by deposition. The following expert witnesses testified: Lee Abaigar; Javed Khan; John Roche; and Paul Zimmer. A total of 35 exhibits were admitted in evidence.

The jury was instructed and unanimously rendered the following special verdict:

We, the jury, after considering the Jury Instructions provided to us, find the following special verdict on the questions submitted to us, to which we have all agreed:

**I. SYNERGY'S CLAIM FOR BREACH OF CONTRACT**

1. Did Synergy prove that it substantially performed its obligations under the contract?

    __X__ Yes   _____ No

    If your answer to question 1 is yes, skip question 2 and answer question 3. If your answer to question 1 is no, answer question 2.

2. Did Synergy prove it had a valid excuse for not performing the contract?

    _____ Yes   _____ No

    If your answer to question 2 is yes, then answer question 3. If you answered no, skip questions 3 through 8 and go to question 9.

3. Did Synergy prove Abbott breached the contract by failing to do something that the contract required it to do?

    __X__ Yes   _____ No

-2-

If your answer to question 3 is yes, then answer question 4. If you answered no, skip questions 4 through 8 and go to question 9.

4. Did Synergy prove it sustained damages resulting from Abbott's breach of contract?

__X__ Yes    _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, skip questions 5 through 8 and go to question 9.

5. What amount of damages did Synergy sustain as a result of Abbott's breach of contract?

$ $190,557.17

If your answer to question 5 is higher than $0, answer question 6. If your answer to question 5 is $0, skip questions 6 through 8 and go to question 9.

6. Could Synergy have avoided incurring some of its damages with reasonable effort and ordinary care?

_____ Yes    __X__ No

If your answer to question 6 is yes, answer question 7. If your answer to question 6 is no, the amount listed in question 5 above is the amount of damages that you should award to Synergy. Skip questions 7 through 8 and go to question 9.

7. What amount of damages could Synergy have avoided if it had exercised reasonable effort and care?

$_____

Go to question 8.

8. Subtract the amount you have listed in question 7 from the amount listed in question 5. This is the amount of damages to be awarded to Synergy on its breach of contract claim.

$_____

Now go to question 9.

## II. SYNERGY'S CLAIM FOR BREACH OF WARRANTY

9. Did Abbott make an affirmation of fact or promise in the contract that during the warranty period, and the term of any service agreement, the Architect ci4100 (hereinafter referred to as the "Equipment") will be operational (capable of producing clinical test results) and will maintain a level of uptime equal to or better than 98% for the covered business hours according to any service agreement, excluding planned maintenance (i.e., preventative maintenance or system upgrades)?

-3-

    __X__ Yes     ____No

If your answer to question 9 is yes, then answer question 10. If you answered no, skip questions 10 through 19, and go to question 20.

10. Did Abbott's affirmation of fact or promise become part of the basis of the bargain between the parties?

    __X__ Yes     ____No

If your answer to question 10 is yes, then answer question 11. If you answered no, skip questions 11 through 19, and go to question 20.

11. During the warranty period, and the term of any service agreement, did the Equipment fail to achieve 98% uptime for the covered business hours according to the service agreement, excluding planned maintenance (i.e., preventative maintenance or system upgrades)?

    __X__ Yes     ____No

If your answer to question 11 is yes, then answer question 12. If you answered no, skip questions 12 through 19, and go to question 20.

12. Was the failure of the Equipment to achieve 98% uptime during the warranty period and the term of any service agreement caused primarily by Synergy's misuse, alteration, or damage, or use other than in accordance with the Equipment's applicable package insert and/or operations manual?

    ____Yes     __X__ No

If your answer to question 12 is yes, skip questions 13 through 19, and go to question 20. If you answered no, then answer question 13.

13. Did Synergy make a demand on Abbott to perform under the terms of the warranty?

    __X__ Yes     ____No

If your answer to question 13 is yes, then answer question 14. If you answered no, skip questions 14 through 19, and go to question 20.

14. Did Abbott fail to perform under the terms of the warranty?

    __X__ Yes     ____No

If your answer to question 14 is yes, then answer question 15. If you answered no, skip questions 15 through 19, and go to question 20.

15. Did Synergy comply with all of its obligations as set forth in the terms of the warranty?

    __X__ Yes     ____No

If your answer to question 15 is yes, then answer question 16. If

you answered no, skip questions 16 through 19, and go to question 20.

16. What amount of damages did Synergy sustain as a result of Abbott's breach of warranty? Do not include any amounts that were included in your answer to question 5, if you answered that question.

$ __0__

If your answer to question 16 is higher than $0, answer question 17. If your answer to question 16 is $0, skip questions 17 through 19, and go to question 20.

17. Could Synergy have avoided incurring some of its damages with reasonable effort and ordinary care?

_____ Yes          _____ No

If your answer to question 17 is yes, answer question 18. If your answer to question 17 is no, the amount listed in question 16 above is the amount of damages that you should award to Synergy. Skip questions 18 through 19, and go to question 20.

18. What amount of damages could Synergy have avoided if it had exercised reasonable effort and care?

$_____

Go to question 19.

19. Subtract the amount you have listed in question 18 from the amount listed in question 16. This is the amount of damages to be awarded to Synergy on its breach of warranty claim.

$_____

Now go to question 20.

### III. ABBOTT'S COUNTERCLAIM FOR BREACH OF CONTRACT

20. Did Abbott prove that it substantially performed its obligations under the contract?

_____ Yes          __X__ No

If your answer to question 20 is yes, skip question 21 and answer question 22. If your answer to question 20 is no, answer question 21.

21. Did Abbott prove it had a valid excuse for not performing the contract?

_____ Yes          __X__ No

If your answer to question 21 is yes, answer question 22. If your answer to question 21 is no, answer no further questions, and have the presiding juror sign and date this form.

-5-

  22. Did Abbott prove Synergy breached the contract by failing to do something the contract required it to do?

  \_\_\_\_\_Yes   \_\_\_\_\_No

  If your answer to question 22 is yes, answer question 23. If your answer to question 22 is no, answer no further questions, and have the presiding juror sign and date this form.

  23. Did Abbott prove it sustained damages resulting from Synergy's breach?

  \_\_\_\_\_ Yes   \_\_\_\_\_ No

  If your answer to question 23 is yes, answer question 24. If your answer to question 23 is no, stop here, answer no further questions, and have the presiding juror sign and date this form.

  24. Did Synergy prove that Abbott violated the terms of a condition precedent that the Equipment ci4100 achieve uptime of at least 98% over the thirty-day period immediately preceding acceptance, which excused performance of the contract by Synergy?

  \_\_\_\_\_ Yes   \_\_\_\_\_ No

  If your answer to question 24 is yes, stop here, answer no further questions, and have the presiding juror sign and date this form. If your answer to question 24 is no, answer question 25.

  25. Did Synergy prove its affirmative defense of prior, material breach of contract which served to defeat the objectives of the parties in making the agreement?

  \_\_\_\_\_ Yes   \_\_\_\_\_ No

  If your answer to question 25 is yes, stop here, answer no further questions, and have the presiding juror sign and date this form. If your answer to question 25 is no, answer question 26.

  26. What are Abbott's damages for Synergy's breach of contract?

                          $_____

 Stop here and have the presiding juror sign and date this form.

Dated: 6/26/23   Signed: /s/ REDACTED
                    Presiding Juror

 After this verdict form has been signed, notify the [clerk/bailiff] that you are ready to present your verdict in the courtroom

It is therefore ORDERED that plaintiff SYNERGY HEMATOLOGY-ONCOLOGY MEDICAL ASSOCIATES, INC., shall have judgment against defendant ABBOTT LABORATORIES, INC., in the amount of $190,557.17.

Dated: June 28, 2023

Sherilyn Peace Garnett
United States District Judge